ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

SOPHIA COOPER (CABN 320373)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6473
    FAX: (415) 436-7234
    Sophia.Cooper@usdoj.gov

Attorneys for United States of America

**FILED**

Aug 15 2023

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 23-cr-00218-JSC |
| Plaintiff, | [~~PROPOSED~~] **DETENTION ORDER** |
| v. | |
| Jordy AGUILAR, | |
| Defendant. | |

On July 18, 2023, defendant Jordy Aguilar was charged by Indictment with three counts of possession to distribute fentanyl, in violation of Title 21 U.S.C. § 841(a)(1) and (b)(1)(C), and one count of possession to distribute methamphetamine, in violation of Title 21 U.S.C. § 841(a)(1) and (b)(1)(C).

This matter came before the Court on August 8, 2023, for a detention hearing. The defendant was present and represented by Dena Young. Assistant United States Attorney Sophia Cooper appeared for the government. The government moved for detention, and the defendant opposed. At the hearing, counsel submitted proffers and arguments regarding detention.

Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on the record, the Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the person as required. Accordingly, the defendant

must be detained pending trial in this matter.

The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by Title 18, United States Code, Section 3142(i)(1). As noted on the record, the Court makes the following findings as the basis for its conclusion: the defendant is a flight risk because of his strong ties to Honduras and his minimal ties to the District. From the bail report, it appears that the defendant lived in Honduras his entire life until 2021. His siblings all live in Honduras. The defendant has been living in this District for only eight months. He was also unwilling to provide pretrial with any address that he has lived at, which is a red flag for being supervised. In short, the defendant is facing significant charges, has minimal connections to this District, and has a place to flee to. This makes him a flight risk, and the Court does not see any condition of release, or combination or conditions, that could alleviate that risk. This finding is made without prejudice to the defendant's right to seek review of defendant's detention, or file a motion for reconsideration if circumstances warrant it.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1.  The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2.  The defendant be afforded reasonable opportunity for private consultation with counsel; and

3.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: August 15, 2023

_____
HONORABLE THOMAS S. HIXSON
United States Magistrate Judge